IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOSHUA KAREEM STOKES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 123-178 |
| | ) |
| ANDREW MCFARLANE, Warden, | ) |
| | ) |
| Respondent.[1] | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and he originally filed this petition in the Middle District of Georgia. (See doc. no. 1.) Chief United States District Judge Marc. T. Treadwell transferred the petition to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia. (See doc. nos. 1-4.) On January 17, 2024, Petitioner filed an amended petition. (Doc. no. 7.) Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

Petitioner was convicted of aggravated assault by a Richmond County Superior Court jury, and on December 13, 2022, he was sentenced to twenty years confinement. (Doc. no. 7,

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, including terminating listed Respondents Clerk Superior Court of Richmond County and Richmond County, because the only proper Respondent is Andrew McFarlane, the Warden at Telfair State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 cases.

pp. 1-2); see also Richmond County Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, (follow "Criminal Search" hyperlink; then search for Case #2020RCCR01221, last visited Feb. 7, 2024) (hereinafter "Richmond Cnty. Docket").[2] The trial court denied Petitioner's motion for new trial on December 7, 2023, and Petitioner filed a "Notice of Appeal" in the trial court on January 12, 2024. See Richmond Cnty. Docket. Petitioner states he filed a direct state appeal, does not mention the "Notice of Appeal," but contends he has appealed to the highest state courts. (See doc. no. 7, pp. 2-5.)

To date, however, Petitioner does not have any pending appeal in the Georgia Court of Appeals or Georgia Supreme Court. See Supreme Court of Georgia Docket System, available at https://www.gasupreme.us/docket-search, (select "search by party names," then search "Joshua Stokes," and see "no results," last visited Feb. 7, 2024); Georgia Court of Appeals Docket Search, available at https://www.gaappeals.us/docket-search/, (search "Joshua Stokes," and see "0 cases found," last visited Feb. 7, 2024). Moreover, Petitioner states he filed a petition for certiorari in the United States Supreme Court but notes the instant case number under the description. (See doc. no. 15, p. 4.) Petitioner concedes he has never filed a state habeas petition. (See id.)

In his current federal petition, Petitioner challenges his state conviction on multiple grounds, including but not limited to alleged improper conduct by his attorney and the judge, error in recidivist sentencing, and error regarding his charges in the instant case and pending homicide charge in #2020RCCR01220. (See generally id.)

---

[2] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

3

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B.     Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has fully exhausted his state court remedies. Indeed, Petitioner filed a notice of appeal in the trial court on January 12, 2024, and while it is unclear what state appellate proceedings may be pending or if such appeals have not reached the state courts yet, Petitioner regardless concedes he has not sought state habeas corpus relief. (See generally doc. no. 7.) Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning error in his trial or with trial counsel. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded

a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[3]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. Here, Petitioner's notice of appeal was filed in the trial court less than one month ago, and if Petitioner is following through with state appellate proceedings, he has not alleged or offered any evidence of undue delay in his state proceedings.

In sum, it is clear that Petitioner has not completed his direct appeal proceedings, let alone moved forward with a state habeas petition. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any

---

[3] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

alleged constitutional violations.  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of February, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA